```
            UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**1STARR DALTON,**

      **Plaintiff,**

**v.**                                    **Case No. 2:09-cv-01332**

**BOOKER T. STEPHENS,**
**DAVID A. FABER,**
**R. CLARK VANDERVORT,**
**ALETA BARIE,**
**JIM RUBENSTEIN,**
**DAVID BALLARD,**
**MICHAEL BROOKS, and**
**JANET MURPHY,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is a civil rights action in which Plaintiff, an inmate at Mount Olive Correctional Complex, seeks declaratory and injunctive relief in the form of an order declaring that he is entitled to an omnibus habeas corpus hearing in state court, heard by a judicial officer who will be fair. (Complaint, # 1, at 16.)  He alleges that the defendants conspired with one another "to insulate the egregious frauds of this case from all judicial review," thereby violating Plaintiff's civil rights.  Id. at 12-13.  Plaintiff stresses that he is not asking this court to invalidate his conviction; rather he wants this court "to order that the plaintiff's right to an omnibus habeas corpus hearing be honored

and that the hearing be conducted according to law." Id. at 15. Plaintiff is serving a sentence imposed by the Circuit Court of McDowell County, West Virginia, based upon his guilty plea to second degree robbery.

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff's complaint is legally frivolous. It is one in a long line of actions (at least twelve so far) he has filed in which he has taken issue with the fact of his confinement or denial of parole. Plaintiff filed a petition for a writ of habeas corpus, Dalton v. McBride, No. 1:07-cv-74 (S.D. W. Va. July 9, 2007), which was determined to be barred by the one-year period of limitations. His appeal was dismissed. Dalton v. McBride, No. 07-7111 (4th Cir. Oct. 24, 2007). A subsequent habeas corpus petition, Dalton v. Rubenstein, No. 1:08-cv-901 (S.D. W. Va. Mar. 3, 2009), was dismissed as untimely and successive. His appeal of that order was similarly dismissed. Dalton v. Rubenstein, No. 09-6525 (4th Cir. Aug. 5, 2009).

The current complaint is essentially an attempt to attack his

state habeas corpus proceedings and to obtain a hearing.  A defendant convicted in State court does not have a federal constitutional right to a particular form of habeas corpus review. Violations of State law and procedure which do not infringe specific federal constitutional protections are not cognizable under section 2254.  Estelle v. McGuire, 502 U.S. at 67-68 ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999)("Therefore, when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review."); Wainwright v. Goode, 464 U.S. 78, 83 (1983)(per curiam)("it is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.")

Plaintiff's claims against the defendants who are judges (defendants Stephens, Faber and VanDervort) are barred because those defendants are absolutely immune from liability based on their judicial acts.  Pierson v. Ray, 386 U.S. 547 (1967); Stump v. Sparkman, 435 U.S. 349 (1978); King v. Myers, 973 F.2d 354, 356-57 (4th Cir. 1992).

His claims against Michael Brooks, Aleta Barie and Janet Murphy are meritless because they have no role in making the judicial decisions which resulted in the denial of Plaintiff's petitions for habeas corpus relief.  The same is true as to

defendants Ballard and Rubenstein, who are Plaintiff's custodians.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim against any defendant and is legally frivolous.

Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.


   January 27, 2010                                  *Mary E. Stanley*
         Date                                     Mary E. Stanley
                                              United States Magistrate Judge